## GOODYEAR TIRE & RUBBER CO v MOTZ

Ohio Appeals, 9th Dist, Summit Co

No 2471.   Decided March 15, 1935

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiff in error.

Brouse, Englebeck, McDowell, May & Bierce, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

In this error proceeding, his self-insuring employer claims that the trial court erred in rejecting certain evidence offered by said employer, and that the verdict and judgment are against the manifest weight of the evidence.

The record discloses that he had an accident, in which a 240-pound weight fell upon his abdomen as he lay upon his back upon the floor; that he continued his employment a few hours, quitting early but not entirely on account of the accident, and that he worked the following day and one other day about two weeks later, and that he has not been able to work since; that he had worked steadily for said employer for the 17 years preceding the accident; that continuously since the accident he has suffered from ailments in his abdomen and has had a major operation in that part of his body; that three doctors who treated him and two who examined him testified concerning his ailments, some of which were not in his abdomen; and that said doctors differed sharply as to whether any of his ailments had any connection or could have any connection with the accident.

There is some evidence in the record of probable symptoms of his ailments which subsequently developed, but such evidence is somewhat meager, and whatever his condition was before the accident, it is established by the evidence that his ailments were unknown and unsuspected by him or his family physician, and that his ailments became acute soon after the accident.

Granting that at the time of the accident he was afflicted with some or all of the ailments which became acute and were discovered very soon after the accident, the real question which the jury had to determine was whether his disability which followed so soon after the injury was due to the accident or to causes independent thereof.

If he had ailments which, in consequence of his employment, gradually grew worse and eventually disabled him, he would not be entitled to compensation; but if the accident was a producing cause of his disability, he would.

The controlling question of the cause of his disability was submitted to the jury under instructions concerning which no complaint is made. There was expert evidence supporting the claims of each party as to the proper answer to be made to said question, and the evidence disclosed facts and circumstances giving rise to inferences as to which reasonable minds might reasonably differ.

After a careful consideration of all of the evidence, we are unable to reach the unanimous conclusion that the answer which the jury gave to said question is manifestly against the weight of the evidence.

As to the complaint in reference to the court's sustaining an objection to a question put to and answered by one of the physicians who treated said employee, said question and answer being in the examination of said physician at the hearing before the Industrial Commission; said physician was asked, referring to what the employee told him during his treatment of him, "Did he give you any history of gonorrhea?" and the answer was, "1903."

Upon the trial in Common Pleas Court, said physician was not called as a witness by said employee and he did not offer the evidence of such physician given before said commission, and said employee did not testify to communications which he made to said physician as to his physical condition or health prior to said accident, and said employee did not expressly consent to such physician disclosing confidential communications.

Under such circumstances it was not error to sustain the objection to said question and answer.

Ausdenmoore v Holzback, 89 Oh St 381.
Industrial Comm. v Belay, 127 Oh St 584.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.